**PURE OIL CO. v. PETROLITE COR-PORATION, Limited.**

**Civil Action No. 1309.**

District Court, S. D. Texas,
Houston Division.

July 27, 1945.

See also 58 F.Supp. 716.

Vinson Elkins, Weems & Francis, by David T. Searls, all of Houston, Tex., and Edward H. Lang, of Chicago, Ill., for plaintiff.

Baker, Botts, Andrews & Wharton, by Brady Cole, all of Houston, Tex., and Lyon & Lyon, by Leonard S. Lyon, all of Los Angeles, Cal., for defendant.

KENNERLY, District Judge.

This is a suit by Plaintiff, The Pure Oil Company (for brevity called Plaintiff), against Defendant, Petrolite Corporation, Ltd., for declaratory judgment construing two agreements between Plaintiff and Petroleum Rectifying Company of California, predecessor of Petrolite Coorporation, Ltd. (both for brevity called Defendant), and this is a hearing on Defendant's motion to dismiss the suit, on the ground that Plaintiff in its pleadings does not state a claim upon which a Declaratory Judgment *such as is prayed for by Plaintiff* can be granted.

Plaintiff's amended complaint, filed May 22, 1944, and amendment thereto, filed July 15, 1944, taken as true on motion to dismiss, show that:

(a) On April 22, 1930, Plaintiff, a corporation, was engaged in the business of producing, purchasing, transporting and storing petroleum oil, and by an agreement of that date acquired from Defendant a license to treat its petroleum oil in accordance with certain "dehydrating" process patents owned by Defendant. (For brevity, this Agreement is called License Agreement.) By another agreement of the same date, Plaintiff leased from Defendant certain equipment for use in connection with such "dehydrating" process. (For brevity, this Agreement is called Leasing Agreement.)

(b) The parties went forward under such agreements until they were, at Plaintiff's election, terminated on May 1, 1944. The Leasing Agreement contained a paragraph (Paragraph 5), about the meaning of which a dispute has arisen. Such Paragraph is as follows:

"Lessee agrees upon termination hereof howsoever, to return to Lessor the equipment leased hereunder in good and operative condition, the results of ordinary careful use excepted, and to permit and in every way assist Lessor in entering upon Lessee's premises and removing said equipment therefrom at the sole cost and expense of Lessor; provided, however, that Lessee shall have the right at any time prior to the termination hereof, to purchase said equipment and continue to operate same, subject to the terms of a sales and purchase agreement to be entered into between the parties hereto, by paying to Lessor a sum equal to the cost of new equipment of similar grade and construction, f. o. b. Houston, Texas, less ten per cent (10%) per year depreciation during the time said equipment has been in existence."

(c) It is also set forth that while such agreements were in force, Plaintiff gave Defendant notice of its election to pur-

chase certain equipment furnished it under such agreements, and on April 28, 1944 (I quote): "made a legal tender to Defendant, at its office in Houston, Texas, by cashier's check in the amount of $25,-500.00, being the sum due to Defendant for the purchase and payment of said equipment under the terms and provisions of said lease agreement, and Defendant accepted such tender," and that Plaintiff was and is ready, able, and willing to pay any balance owing. Plaintiff then says:

"Defendant has filed and refused to recognize that Plaintiff had the right to purchase said equipment by payment of the purchase price specified in the lease agreement, and has made demand upon Plaintiff to return all of said equipment. Defendant has asserted that it was necessary for the parties to the lease agreement to agree upon the terms of a sale and purchase agreement before Plaintiff would have the right to purchase said equipment; and by letter of May 1, 1944, Defendant has tendered to Plaintiff a proposed sales agreement conveying such equipment to Plaintiff to be used under the terms and subject to the conditions and royalty payments prescribed by the license agreement of April 22, 1930, and providing that Defendant shall have a ten day option to repurchase said equipment from Plaintiff and to remove it from Plaintiff's premises. In the same letter in which Defendant tendered such sales agreement to Plaintiff, Defendant gave Plaintiff notice that Defendant had elected to exercise its option to repurchase the same and demanded immediate possession of all of the equipment; and Defendant returned to Plaintiff said cashier's check in the amount of $25,500.00 as the amount of the repurchase price due from Defendant under the proposed sales agreement. Plaintiff has refused to accept the sales agreement and cashier's check tendered with the letter of May 1, 1944."

(d) Plaintiff brings this suit[1] for a declaratory judgment, praying a decree:

"That Plaintiff, as leasee in the lease agreement of April 22, 1930, had the right, at any time prior to the termination of such lease agreement, to purchase all of the equipment furnished it thereunder by paying to Defendant, as lessor, a sum equal to the cost of new equipment of similar grade and construction, f. o. b. Houston, Texas, less ten per cent per year depreciation during the time said equipment had been in existence;

"That Plaintiff has title to the equipment listed in Exhibit 'C' attached to the complaint herein, or that Plaintiff will obtain the title to such equipment upon paying to Defendant the amount determined by the Court herein to be the purchase price under the lease agreement of April 22, 1930; that the license and lease agreements of April 22, 1930 have been cancelled and terminated; and that there is no obligation under any existing and valid agreement requiring Plaintiff to pay royalties to Defendant for the use of such equipment;

"That, in the alternative, Plaintiff is entitled to have Defendant execute and deliver to it a bill of sale conveying and transferring to Plaintiff all of the equipment listed in Exhibit 'C' attached hereto, without any limitation or qualification upon such transfer and sale, upon the payment by Plaintiff to Defendant of the amount determined by the Court herein to be the purchase price under said lease agreement."

1. In the argument and briefs, Plaintiff takes the position that since it is in possession of the equipment, and has tendered and/or is willing to pay the price therefor fixed in Paragraph 5, it has title thereto, or the absolute right to acquire title thereto, etc. But in order to so hold, a part of the wording of Paragraph 5 must be put aside and ignored, i. e., the wording which says that Plaintiff is entitled: "to *purchase* such equipment and continue to *operate* same, *subject to the terms of a sales and purchase agreement to be entered into between the parties hereto.*"

This may not be done. It must be assumed that the parties had a purpose in

---

[1] Originally there was included in Plaintiff's pleadings Count No. Two, attacking the Defendant's activities under its Patents, etc. as violative of the Anti-Trust Laws, but such Count has been dismissed.

placing such wording in the agreement. While it is not necessary to point to such purpose, I think the purpose is clearly shown by Plaintiff's pleadings and the agreements themselves attached thereto. Clearly the parties had a purpose, knew the meaning of the words they used, and intended to be bound thereby. The agreements must be enforced as written.

The fact that Defendant has tendered Plaintiff a form of sales and purchase agreement, to the provisions of which Plaintiff has not agreed, and the fact that the parties may never agree to a sales and purchase agreement, does not give Plaintiff title or the right to take title to the equipment. Nor is Plaintiff's position that it has possession of the equipment and has tendered the price therefor, and has, therefore, title or the right to take title, meritorious. Its possession of the equipment is under and by virtue of the agreements, and cannot ripen into title or the right to take title, except in accordance with the agreements. The agreement does not call for the execution of a simple bill of sale, but for a *sales and purchase agreement,* making provision not only for the passing of the title to the equipment, but its operation after title has passed.

An examination of Plaintiff's amended complaint will also disclose that it does not make a case for equitable relief against the plain provisions of Paragraph 5.

It follows that Plaintiff's suit should be dismissed. Let appropriate decree be prepared and presented.